UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 21-cr-00040-TNM |
| ) | |
| DAVID MEHAFFIE, ) | |
| ) | |
| ) | |
| Defendant ) | |
| ) | |

**DEFENDANT DAVID MEHAFFIE'S MOTION *IN LIMINE* NO. 2 --**

**AUTHENTICATION OF STILL IMAGES**

NOW COMES Defendant David Mehaffie, by and through his counsel of record, William L. Shipley, Esp., and respectfully request this Honorable Court issue an *in limine* Order precluding alleged closed circuit television security photographs/still images (CCT photos) taken at the United States Capital Building on January 6, 2021, without the Government first laying a foundation with an appropriate witness that the CCT photos fairly and accurately depict what allegedly reflected in the photographs/still images.

It is a long-standing rule that a photograph is admissible in evidence if verified by a witness that it is a true and fair representation of the subject matter at issue at the relevant time. As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial. Fed.R.Evid. 901(a); see *Richardson v. Gregory,* 281 F.2d 626, 630 (D.C.Cir.1960); *Mikus v. United States,* 433 F.2d 719 (2d Cir.1970); *United States v. Hobbs,* 403 F.2d 977, 978-79 (6th Cir.1968). Authentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility. 5 J. Weinstein and M. Berger, *Weinstein's Evidence* ¶ 901(a) [02] at 901-18 (1978); 11 J. Moore and H. Bendix, *Moore's Federal Practice* § 901.01[3.-1]-(a) at IX-7 (2d ed. 1982). Rule 901(a) requires that the proponent of documentary evidence make a showing sufficient to permit a reasonable juror to find that the evidence is what its purports to be.  *United States v. Sutton,* 426 F.2d 1202, 1207 (D.C.Cir.1969).

If the only witnesses to be called by the Government regarding the photographs/still images are FBI Agents who viewed videos and extracted the still images from those videos, those witnesses cannot testify that the images are a fair representation of that which they purport to depict unless the witnesses were when the videos was recorded and observed the events reflected in the videos.

Even if the Government proffered a competent witness in this regard, any image which are time-lapsed do not fairly and accurately depict the events in question, and are in themselves manipulated images that omit events that a continuous video recording would capture.  Thus time-lapsed images or "montages" do not record what occurred as it occurred, and no appropriate foundation can be laid for their admission.

Although the admission of photographic and video evidence is generally left to the trial judge's discretion, a proper foundation and authentication is a necessary predicate to the admission of such evidence.  Mr. Mehaffie will not stipulation to the foundation for any such exhibits the Government might seek to introduce, and objects to any such evidence unless and until a proper foundation is laid pursuant to Rule 901(a).

Dated: June 4, 2022

Respectfully submitted,
/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I, William L. Shipley, hereby certify that on this day, June 4, 2022, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
