UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00040-TNM |
| | ) | |
| DAVID MEHAFFIE, | ) | |
| | ) | |
|        Defendant | ) | |

**DEFENDANT DAVID MEHAFFIE'S MOTION TO RECONSIDER SEVER PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14(a)**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

Defendant David Mehaffie hereby moves this Court to reconsider the Denial of his Motion for Severance due to untimeliness for two reasons:

1. The basis for the motion was not known to Defendant Mehaffie until April 22, 2022, when the government disclosed the evidence it would introduce against each defendant; and

2. The law imposes upon the Court a continuing obligation to and through trial to evaluate whether severance is required to protect a defendant's right to a fair trial.

## REALAVANT PROCEDURAL HISTORY

On March 4, 2022 this Court entered an ordered defendants to file motions seeking severance no later than **March 25, 2022.**

On March 30, 2022, Defendant Mehaffie joined the Motion to Sever filed by Defendant Judd.  *See* EFC No. 250.

On May 20, 2022, this Court denied motions to sever filed by various Defendants, including Defendant Jud.

On June 3, 2022, Defendant Mehaffie filed, through his counsel of record, a separate motion to sever.  *See* EFC. 332

This new motion was based on the disclosure by the Government on April 22, 2022, that it intended to introduce 38 videos of alleged violent conduct by co-defendants McCaughey, Stevens, and Morss, but only 3 videos against Mr. Mehaffie, none of which show violent action by him. The motion's "gross disparity of the evidence" basis was not known to Defendant Mehaffie at the time of the earlier deadline for filing severance motions.

## LAW AND ARGUMENT

It is well settled that the trial judge is under a continuing duty at all stages of case, up to and including trial, to grant a severance if prejudice to a particular defendant becomes manifest. Schaffer v. United States, 1960, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921.

The "dangers of transference of guilt" due to a gross disparity in the evidence among multiple defendants are such that a court should use "every safeguard to individualize each defendant in his relation to the mass." Kotteakos v. United States, 328 U.S. 750, 774, 773, 66 S.Ct. 1239, 1252, 90 L.Ed. 1557 (1946). See Blumenthal v. United States, 332 U.S. 539, 559-560, 68 S.Ct. 248, 92 L.Ed. 154 (1948).

Where there is a great disparity in the weight of the evidence, strongly establishing the guilt of some defendants, the danger persists that that guilt will improperly "rub off" on the others. United States v. Kelly, 349 F.2d 720, 756-759 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966).

As stated in Schaffer, the trial court is vested with an obligation to consider a motion for severance no matter when filed if the presence of prejudice is manifest. When the Court set its March 25 deadline, Counsel was not aware what video evidence the government was going to be using as its case-in-chief against co-defendants, as this Court set a later deadline for such government disclosures.

While reviewing the disclosures and the evidence for each defendant the Government intended to use, Defendant Mehaffie's counsel realized the grossly disproportionate nature of evidence between Mr. Mehaffie – not alleged to actually have assaulted anyone himself -- and his co-defendants.

3

While this Court cites untimeliness as its reason for refusing to consider Mr. Mehaffie's motion, it was not possible for counsel to truly appreciate the gross disparity of the evidence the government actually intends to offer at the time such motions were due, nor is it possible for the Court to avoid the problem of prejudicial joinder on the basis stated.

## CONCLUSION

WHEREFORE, for the reasons stated, Mr. Mehaffie respectfully requests this Honorable Court to RECONSIDER its Denial of Mr. Mehaffie's Motion for Severance, and to consider and determine the motion on its merits.

Dated: June 7, 2022        Respectfully submitted,
/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*