UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DAVID MEHAFFIE**, <br><br> Defendant. | Case No. 1:21-cr-00040-7 (TNM) |

## ORDER

David Mehaffie faces charges for his alleged actions on January 6. The indictment also charges eight others. To efficiently manage such a large case, the Court directed Defendants to file any motions to sever by late March. *See* Hr'g Tr. at 38, ECF No. 251.[1] Although other Defendants timely filed those motions, Mehaffie did not, though he joined another Defendant's motion. *See* ECF No. 250. Last month, the Court denied those motions. *See United States v. McCaughey*, No. 21-cr-40, 2022 WL 1604655 (D.D.C. May 20, 2022).

Mehaffie then filed a motion on June 3 to sever his trial under Federal Rule of Criminal Procedure 14(a). *See* Mot. to Sever, ECF No. 332 (Mot.). The Court denied his motion as untimely. *See* Min. Order, June 6, 2022. Mehaffie now asks the Court to reconsider its denial. *See* Motion for Reconsideration, ECF No. 340 (MTR).

The Court grants that request. As he points out, a district court "has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). Yet the Court denies his substantive motion for the same reasons that the Court denied the prior severance motions. It incorporates by reference its previous analysis here.

---

[1] All page citations refer to the pagination generated by the Cout's CM/ECF system.

Mehaffie asserts that the jury will prejudice his co-defendants for their violent conduct and that any prejudice will "spillover" into consideration of his conduct. *Tucker v. United States*, 12 F.4th 804, 825 (D.C. Cir. 2021) (cleaned up).  He says that the Government plans to introduce 38 videos against his co-defendants—many depicting their violence in a Capitol tunnel—but only three videos against him.  *See* Mot. at 3.  Mehaffie attests that he engaged in no violence and merely stood "just to the side of the tunnel entrance." *Id.* at 5.  His placement means that many of the 38 videos show him in the background, *see id.* at 6, causing him to worry that the jury will stamp him as a "violent member[ ] of the mob" despite his nonviolent conduct *Id.* at 4.

None of these arguments necessitate severance.  The jury need only watch the video footage of that day to "reasonably compartmentalize the evidence introduced against each individual defendant," including Mehaffie.  *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2020) (cleaned up).  Thanks to that video, the jury can consider Mehaffie's conduct in isolation from that of his co-defendants.  *See id.* at 846 (in a case with audio or video evidence, the jury "has no need to look beyond each defendant's own" actions to reach its verdict (cleaned up)). Any risk of spillover prejudice is therefore "minimal," *id.*, and best addressed through a limiting instruction rather than severance of Mehaffie's trial, *see Zafiro v. United States*, 506 U.S. 534, 539 (1993).

For these reasons, Mehaffie's [340] Motion for Reconsideration is GRANTED and his [332] Motion for Severance is DENIED.

**SO ORDERED**.

Dated: June 9, 2022                                                                    TREVOR N. McFADDEN, U.S.D.J.