IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.: 21-cr-40-7 (TNM)

DAVID MEHAFFIE,

Defendant.

## GOVERNMENT RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* TO PRECLUDE INFLAMMATORY WORDS AND PHRASES

The United States of America now responds to defendant David Mehaffie's Motion in *Limine* to preclude the government from using certain "inflammatory words" during the trial in this matter. ECF No. 331. Specifically, Mehaffie asks that this Court prohibit the government from using the words "terrorist/terrorism," "insurrection," "sedition," "treason," "attack on the Capitol," "attack on democracy," "attack on Congress," and perhaps some additional phrases of the kind not explicitly outlined here ("etc."). ECF No. 331, at 2. Mehaffie relies primarily on *United States v. Berger*, 295 U.S. 78 (1935) to argue that, in keeping with the prosecutor's interest "that justice shall be done," these words and phrases should be excluded from statements made by the prosecutors and the witnesses, as they are likely to unnecessarily inflame the passions of the jury. ECF No. 331, at 2-4.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, --- F.3d ---, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022)  Additionally, Rule 403 does not require the government

"to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon,* 146 F.3d 1015, 1021 (D.C. Cir. 1998). Neither Rule 401 nor 403 supports Mehaffie's requested relief.

Mehaffie overreaches with this request. What took place at the Capitol on January 6, 2021 may be properly described as a riot, breach, attack, assault, or insurrection. Thousands of people forced their way into the Capitol building during the constitutionally mandated process of certifying the Electoral College votes, threatened the peaceful transfer of power after the 2020 presidential election, injured more than one hundred law enforcement officers, and caused more than two million dollars in damage and loss. This was not a protest. *See United States v. Paul Hodgkins*, 21-cr-188-RDM, Tr. at 46 ("I don't think that any plausible argument can be made defending what happened in the Capitol on January 6th as the exercise of First Amendment rights.") (statement of Judge Moss).

Mehaffie's insistence that—since he is only charged with assault, civil disorder, and obstruction—words touching on the broader context of January 6, 2021 should be excluded, misses the heart of his charges. Mehaffie is charged, in Count Thirty-Four of the operative Indictment, with Obstruction of an Official Proceeding, Aiding and Abetting. ECF No. 179. He is alleged to have done so by corruptly obstructing, influencing, and impeding the proceeding before Congress, specifically Congress's certification of the Electoral College Vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. § 15-18, on or about January 6, 2021. ECF No. 179. That Congressional proceeding, which allows for the peaceful transfer of power, is at the heart of the American democracy; to ignore that fact is to hide information from the jury. Mehaffie is charged in Count Thirty-Five with Civil Disorder and is alleged to have committed an act that obstructed, impeded, or interfered with a law enforcement officer lawfully engaged in the performance of his official duties, incident to and during the commission of a civil

disorder. ECF No. 179. That civil disorder was the attack on the U.S. Capitol on January 6, 2021. Additionally, Mehaffie is charged in Count Fifty-Two with Disorderly Conduct in a Capitol Building and in Count Fifty-Three with Acts of Physical Violence in the Capitol Grounds or Buildings. ECF No. 179.  In order for the government to prove its case beyond a reasonable doubt, the government and its witnesses must discuss the actions of the mob that attacked the Capitol building on that day, and Mehaffie's actions as a part of that mob.

Moreover, Mehaffie will be tried along with three other codefendants who simultaneously engaged in similar and, in some cases, more violent, conduct.  Indeed, the government has charged numerous specific assaults on law enforcement throughout its 53-count indictment, which will require eliciting specific testimony involving "attacks" and "assaults" on officers who were defending the "Capitol Grounds" during a central process necessary to American democracy.  Such testimony goes directly to the elements of many charges and to exclude these words would be to sanitize the conduct of Mehaffie and his codefendants beyond recognition.

Mehaffie's conduct on January 6, like the conduct of scores of other defendants, took place in the context of a large and violent riot that relied on numbers to overwhelm police, breach the Capitol, and disrupt the proceedings. But for his actions alongside so many others, the riot likely would have failed to delay the certification vote. *See United States v. Matthew Mazzocco*, 1:21-cr-00054 (TSC), Tr. 10/4/2021 at 25 ("A mob isn't a mob without the numbers. The people who were committing those violent acts did so because they had the safety of numbers.") (statement of Judge Chutkan).  While a jury will judge the defendant based on his own actions, the context of Mehaffie's actions will necessarily be placed before them.  And that context was an attack on the Capitol.

Defendant provides scant legal authority in support of his broad claim that witnesses and government prosecutors must only describe these events using certain words. Mehaffie relies only

3

on *United States v. Berger*, 295 U.S. 78 (1935) to argue that these words should be omitted from the government's presentation. In *Berger*, the government attorney

> "was guilty of misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, in respect of which no proof was offered; of pretending to understand that a witness had said something which he had not said and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and, in general, of conducting himself in a thoroughly indecorous and improper manner."

*Berger*, 295 U.S. at 84. There is no reason to believe that use of the words outlined by Mehaffie would rise to that level. Indeed, this Court must decide whether a prosecutor's comments would "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). Using the words Mehaffie wishes to exclude would "not manipulate or misstate the evidence, nor [] implicate other specific rights of the accused such as the right to counsel or the right to remain silent," but would rather strike the balance of zealous advocacy as opposed to fundamental unfairness. *Darden*, at 182.

Additionally, Mehaffie can take comfort that this Court will, as it always does, instruct the jurors that the arguments of the lawyers are not evidence. Redbook Criminal Jury Instruction 2.105 ("The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence."); *see also Darden,* 477 U.S. at 182 ("The trial court instructed the jurors several times that their decision was to be made on the basis of the evidence alone, and that the arguments of counsel were not evidence."). The Court will also instruct the jury as to precisely what the defendant is charged with, and can even go a step further, if needed, and instruct the jury as to what the defendant is *not*

4

charged with. Such decisions can be made in response to the evidence elicited at trial, rather than pre-empted with the ruling requested by Mehaffie here.

The government understands its obligations to conduct trials in a fair manner, consistent with the ends of justice. *Berger*, 295 U.S. at 88. The government is now additionally on notice that this defendant objects to the language outlined and that it runs the risk of a motion for mistrial should that line be crossed. This Court need not so limit relevant testimony from witnesses—and arguments of attorneys based on that testimony—as to gut the case of its heart: the defendant is charged with obstructing the Congressional proceeding that affects the peaceful transfer of power in this country. The government should be permitted to use language sufficient to prove those charges.

Dated: July 1, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:   /s/
KIMBERLY L. PASCHALL
Assistant United States Attorney
Capitol Siege Section
D.C. Bar No. 1015665
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov