UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                                   ) | Case No. 21-cr-00040-TNM |
| ) | |
| PATRICK EDWARD MCCAUGHEY, ) | |
| III                                                  ) | |
| ) | |
| Defendant               ) | |
| ) | |

**DEFENDANT DAVID MEHAFFIE'S REPLY TO GOVERNMENT RESPONSE TO DEFENDANT'S MOTION IN *LIMINE* TO REGARDING AUTHENTICATION OF STILL IMAGES**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

i

NOW comes Defendant, David Mehaffie, by and through his counsel of record, William L. Shipley, Esq., and files this Reply to the Government's Opposition to the *motion in limine* regarding authentication of still images.

The Government cites United States v. Fadayini, 28 F.3d 1236, 1241 (D.C. Cir. 1994) for the proposition that testimony concerning how video cameras operate in conjunction with the time and date imprints on still images taken from the video is sufficient to permit a reasonable juror to find that the evidence is what its proponent claims. The Government also refers to United States v. Rembert, 863 F.2d 1023, 1028 (D.C. Cir. 1988) (adopting the Ninth Circuit's ruling that "contents alone provided sufficient circumstantial evidence for the authentication of the photographs"). But Rembert is instructive as to why the Government may lack the type of witness needed to property authenticate still images in this case.

In Rembert the witnesses were the keepers of records and/or security officers at each of the four banks where the credit card in question was used, and those witnesses testified regarding the times the card was used and the manner in which the banks' ATMs and surveillance cameras operate. Id., 863 F.2d at 1027. Testimony by bank personnel familiar with the operation of the ATM cameras, and how the time and date were imprinted on the photographs themselves, were sufficient "to permit a reasonable juror to find that the evidence is what its proponent claims." Id.

1

In both <u>Fadayini</u> and <u>Rembert</u>, the Court allowed the testimony because of witnesses were bank personnel who had a familiarity and understanding of the operations of the ATM machines and cameras therein.

The *motion in limine* here only seeks to limit witness testimony from persons – Agents – about the operation of surveillance cameras if those agents do not possess the same kind of familiarity and understanding of the surveillance camera equipment and network in the Capitol.  The foundation for the admission of any still images or video must come from witnesses who have the same type of familiarity and understanding as was the case in <u>Fadayini</u> and <u>Rembert</u>.

The government also cites <u>United States v. Cejas</u>, 761 F.3d 717, 723 (7th Cir. 2014), where the Court rejected a defense argument that an Agent is not the competent witness to establish the genuineness of a video because the agent watched the video rather than personally witnessing the events. However, an important fact in <u>Cejas</u> was that the Agent who testified and authenticated the videos had watched the events live on a video monitor as they were recorded by the pole camera.  <u>Id</u>. at 724.

It is not expected here that any FBI Special Agent will testify to having watched live the events that are captured by the Government's video evidence. Those Agents should not be allowed to attempt to lay a foundation regarding authentication of the video evidence as required by Rule 901.  The best such Agents are able to offer is that the videotape is an electronic file that was given to them.  They are in in the chain of custody, but they cannot testify he events unfold live. *See* <u>United States v. Westmoreland,</u> 312 F.3d 302, 310–11 (7th

2

Cir.2002) (audio recording properly authenticated where testifying agent listened to the conversation via headphones at the time the conversation took place).

The government then continues down a line of legal argument dealing with business records ("[A] party need not prove that business records are accurate before they are admitted. Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence."). *See, e.g., United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999).

But the *motion in limine* deals with authentication, not admissibility of the anticipated video evidence and any still images taken therefrom.

Finally, the government relies on United States v. Clotaire, 963 F.3d 1288, 1293-94 (11th Cir. 2020) where the Court allowed still images from an ATM video camera be used for identification. But the ATM video footage was a "self-authenticating" business record of the bank under Rule 803(6), and the extraction of the still image from the video did not change the "business record" nature of the data. Authentication was not an issue in Clotaire so the ruling allowing the admission of the still images there is inapposite to the facts here.

Date: July 15, 2022						Respectfully Submitted,


							/s/ William L. Shipley
							William L. Shipley
							PO Box 745
							Kailua, Hawaii 96734
							Tel: (808) 228-1341
							Email: 808Shipleylaw@gmail.com

							*Attorney for Defendant*

4