UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>v.<br><br>**PATRICK EDWARD McCAUGHEY, III,**<br>**et al.**,<br>                              Defendants. | Case No. 1:21-cr-00040 (TNM) |

### ORDER

In this Capitol breach case, the Court has split the nine Defendants into two groups for trial. This Order addresses various pre-trial motions before the trial of Defendants McCaughey, Stevens, Morss, and Mehaffie.

*First*, McCaughey, Stevens, and Morss request the use of a written questionnaire during jury selection. *See* ECF No. 317. The Court denies this request. Jury selection is "particularly within the province of the trial judge." *United States v. Tsarnaev*, 142 S. Ct. 1024, 1034 (2022) (cleaned up). This Court has already empaneled a jury in a January 6 case through the usual *voir dire* process. *See United States v. Hale-Cusanelli*, No. 21-cr-37. Almost all other judges in this district have done the same for comparable cases. A written questionnaire is therefore unnecessary to qualify a jury.[1]

*Second*, Mehaffie and Morss ask the Court to preclude Government witnesses from narrating events depicted on videos. *See* ECF No. 328. Defendants think that any such witness must be qualified as an expert or have been present at the scene depicted. *See id.* at 2. The Court disagrees for substantially the same reasons identified by the Ninth Circuit in *United States v.*

---

[1] For purposes of this ruling, the Court assumes without deciding that it will deny the motions from all Defendants to change the venue of this trial. The Court has yet to consider those motions.

*Torralba-Mendia*, 784 F.3d 652, 659–60 (2015) and *United States v. Begay*, 42 F.3d 486, 502–03 (1994).  The Court thus denies the motion without prejudice to specific objections raised during trial.

*Third*, Mehaffie and Morss move to prevent the Government from admitting into evidence still images from Capitol CCTV footage without first laying a proper foundation.  *See* ECF No. 329.  The Government intends to comply with the applicable Federal Rules of Evidence, *see* ECF No. 367 at 1, so the Court denies this motion without prejudice.  Defendants may raise specific objections at trial if the Government fails to follow Rule 901.  Defendants also move to exclude any time-lapsed or montaged images because "no appropriate foundation can be laid for their foundation."  ECF No. 329 at 3.  The Court disagrees and denies the motion to entirely exclude those types of images.

*Fourth*, Mehaffie asks the Court to preclude the Government from introducing any evidence under FRE 404(b) of Mehaffie's prior bad acts.  *See* ECF No. 330.  Because the Government has no intention to use that information in its case-in-chief, *see* ECF No. 365, the Court grants Mehaffie's motion.  If the Government wishes to use that information in the Defense case-in-chief, it must seek pre-clearance from the Court.

*Fifth*, the Government has filed motions to preclude claims of self-defense by McCaughey, Stevens, and Morss or, in the alternative, to require them to prove self-defense at trial before asserting it.  *See* ECF Nos. 320, 321, 324.  McCaughey did not respond, so the Court grants the motion as conceded as to him.  The Court also grants the motion as to Stevens, who agrees to proffer facts supporting a self-defense claim.  *See* ECF No. 363.  As to Morss, the Court agrees with him that Rule 12 does not require him to disclose his trial strategy now.  *See*

ECF No. 351.  He remains free to assert self-defense at trial.  But he may not argue it at closing argument without providing a factual basis during trial for that defense.

*Sixth*, the Government moves to preclude cross-examination of Secret Service witnesses about the Service's protection protocols.  *See* ECF No. 313.  Morss seeks latitude to question witnesses about the relevant protocols.  *See* ECF No. 353.  The Court doubts the relevance of the protocols and thus grants the Government's request.  That ruling, however, is without prejudice to Morss seeking permission from the Court at the bench before asking any specific questions about protection protocols.  For all other Defendants, the Court grants the motion without qualification as conceded.

So too for the Government's motion to limit cross-examination about the specific locations of U.S. Capitol Police cameras.  *See* ECF No. 314.  Again, only Morss objects to the motion.  *See* ECF No. 354.  Thus, the Court grants the motion as to all Defendants but without prejudice to Morss seeking permission to ask specific questions about camera locations.

For all these reasons, it is ORDERED that, as to McCaughey, Stevens, and Morss, the [317] motion for a juror questionnaire is DENIED.  It is also

ORDERED that, as to Mehaffie and Morss, the [328] Motion in Limine is DENIED without prejudice to specific objections raised at trial.  It is also

ORDERED that, as to Mehaffie and Morss, the [329] Motion in Limine is DENIED regarding the use of time-lapsed and montaged images and DENIED without prejudice as to authentication of still images.  Defendants may raise specific objections about authentication at trial.  It is also

ORDERED that Mehaffie's [330] Motion to Exclude 404(b) evidence is GRANTED, though the Government may introduce that evidence on cross-examination with the Court's permission.  It is also

ORDERED that the Government's [320], [321], [324] Motions to Preclude Self-Defense are GRANTED as to McCaughey and Stevens and DENIED as to Morss.  It is also

ORDERED that the Government's [313], [314] Motions to Limit Cross-Examination are GRANTED but without prejudice to Morss seeking permission from the Court to ask specific questions.

**SO ORDERED**.

Dated: July 20, 2022                                    TREVOR N. McFADDEN, U.S.D.J.