UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                        )<br>)<br>PATRICK EDWARD MCCAUGHEY, )<br>III, et. al.,                              )<br>)<br>        **Defendant**   )<br>) | Case No. 21-cr-00040-TNM |

**DEFENDANT DAVID MEHAFFIE'S MOTION TO ADMIT GRAND JURY
TESTIMONY PURSUANT TO FED. R. EVIDENCE 801(d)(2)**

William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

On August 5, 2021, a federal grand jury met in the District of Columbia to hear testimony in the matter of <u>United States v. David Mehaffie</u>.

Assistance United States Attorney Melissa Jackson appeared before the Grand jury on behalf of the United States Attorney's Office for the District of Columbia. Special Agent Benjamin Fulp of the FBI appeared as a witness and offered evidence regarding David Mehaffie. Some of the evidence was exculpatory.

During the course of the testimony of S.A. Fulp, there were questions and answers exchanged between AUSA Jackson and S.A. Fulp. At various points in time, AUSA Jackson posed leading questions which were actually statements of fact that she asked S.A. Fulp to confirm as true or correct.

Defendant David Mehaffie seeks to admit questions and answers set forth in transcript produced in discovery by the Government in this matter.

The Circuit Court of Appeals for the District of Columbia takes a broad view on the admissibility of statements by Government officials in criminal prosecutions. <u>United States v. Bagcho</u>, 151 F. Supp. 3d 60, 69 (2015). Such statements are admissible not as an exception to the rule against hearsay but rather as "not hearsay" as a statement by a part opponent under Fed. R. Evid. 801 (d)(2). That rule states:

(d) "A statement that meets the following conditions is not hearsay:

...

(2) An Opposing Party's Statement. The statement is offered against an opposing party and,

...

>> (B) is one the party has manifested that it adopted or believed to be true;
>
> (C) was made by a person whom the party authorized to make a statement on the subject; and
>
> (D) was made by the party's agent or employed on a matter written the scope of that relationship and whole it existed…

There are only two declarants during the course of the grand jury testimony being offered. Both declarants are employees of the United States Department of Justice, both were authorized to appear before the grand jury, and both made their comments within the scope of their employment.

> "Clearly, statements in which the government has manifested its "adoption or belief" stand on more solid ground than mere out-of-court assertions by a government agent. We do not decide that just any statement the informant might have made is admissible against the government. We decide only that where, as here, the government has indicated in a sworn affidavit to a judicial officer that it believes particular statements are trustworthy, it may not sustain an objection to the subsequent introduction of those statements on grounds that they are hearsay."

United States v. Morgan, 581 F.2d. 933, 938 (D.C. Cir. 1978).

It cannot be said by the Government that is does not "manifest" an "adoption or belief" in the comments of Assistant U.S. Attorneys and FBI Special Agents appearing to give testimony before a grand jury. The Government has no purpose beyond eliciting truthful testimony from an FBI Agent summoned to appear before a grand jury. The commentary between the two is often the basis for initiating federal criminal case through the return of an indictment against individuals such as Mr. Mehaffie. As the Circuit Court said in Morgan, the government cannot disclaim the accuracy of such testimony on the basis that it is hearsay after it has relied upon that testimony.

In <u>United States v. Kattar,</u> 840 F.2d 118, 130-31 (1st Cir. 1988) that court stated:

> "We agree with Justice (then Judge) Stevens that the assertions made by the government in a formal prosecution (and, by analogy, a formal civil defense) "establish the position of the United States and not merely the views of its agents who participate therein." <u>United States v. Powers, 467 F.2d 1089, 1097 n. 1 (7th Cir.1972)</u> (Stevens, J., dissenting).

Whether the statement(s) at issue are in the form of factual claims or opinions is not a basis to exclude admission as statements of a party opponent. <u>Washington Power Supply Sys. v. Pittsburgh- Des Moines Corp.</u>, 876 F.2d. 690, 696-97 (9th Cir. 1989); <u>Owens v. Atchison, T. & S. F. Ry. Co.</u>, 393 F.2d 77, 79 (5th Cir. 1968)("It is well settled that the "opinion" rule does not apply to a party's admission.")

Rule 801(d)(2)(B) and (D) have been applied to out of court statements by both federal prosecutors and law enforcement agents.

Admission of out-of-court statements by law enforcement agents submitted in a sworn affidavit are admissible as statements by a party opponent against the United States in a federal criminal case. <u>United States v. Warren</u>, 92 F.3d 647, 655 (D.C. Cir. 1994).  Special Agent's Fulp's testimony here was given under oath in the same manner in which he would affirm and attest to the accuracy of any affidavit submitted to a judicial officer.

Statements by federal prosecutors are also admissible because they constitute the position of the DOJ in criminal matters.

> Statements made by federal prosecutors are admissible in federal criminal prosecutions because prosecutors have the authority to bind the United States by their statements. Therefore, the Court declines to follow Zizzo's suggestion and instead follows the numerous courts that have applied the party-opponent rule to statements by a government

prosecutor. See, e.g., United States v. Salerno, 937 F.2d 797, 811-12 (2d Cir. 1991) (statement of government prosecutor); Kattar, 840 F.2d 118; Morgan, 189 U.S. App. D.C. 155, 581 F.2d 933; see also, United States v. Warren, 310 U.S. App. D.C. 1, 42 F.3d 647, 655 (D.C. Cir. 1994) (statement of government agent); United States v. DeLoach, 34 F.3d 1001, 1005 (11th Cir. 1994) (statement of government prosecutor); United States v. AT&T, 498 F. Supp. 353, 357-58 (D.D.C. 1980) (statements of government agencies)….  In light of this and in light of the previous discussion, the Court holds that the statement by the government prosecutor in the Nabaie trial is that of a party-opponent.

United States v. Bakshinian, 65 F. Supp. 2d 1104, 1105-06 (C.D. Cal. 1999)

Counsel for Defendant Mehaffie sought a stipulation from the Government for the admission of certain specific questions and answers during the grand jury testimony of Special Agent Fulp.  These questions and answers are exculpatory and are consistent with the anticipated testimony of David Mehaffie.  The Government declined to enter into the stipulation on the basis that Special Agent Fulp would not be testifying as a witness and the statements are otherwise hearsay.

To respect the Government's objection, Mr. Mehaffie has not included the relevant testimony with this motion given that the Court is the trier of fact in this case.  If the Court were to see the testimony as part of this motion to rule upon the admissibility of the testimony, the Government's opposition would be moot.  As such, Mr. Mehaffie will only submit the portions of the transcript for the Court's consideration as trier of fact after this motion has been ruled upon.

Dated: September 6, 2022                                  Respectfully submitted,

                                                                       /s/ William L. Shipley
                                                                       William L. Shipley, Jr., Esq.
                                                                       PO BOX 745

Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*